IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 7, 2005 Session

## WILLIAM TASSELL, ET AL. v. U.S. BANK, INC.

**Appeal from the Circuit Court for Hawkins County**
**No. CV-2044     John K. Wilson, Judge**

_____

**No. E2004-01290-COA-R3-CV - FILED MAY 19, 2005**

_____

William and Shirley Tassell's ("Plaintiffs") purchase of a house in 1998 was financed through U.S. Bank, Inc. (the "Bank"). After Plaintiffs fell behind in their payments, the Bank filed a detainer warrant and began the foreclosure process. Plaintiffs claim they made a payment bringing their mortgage current and they made this payment one day before their house was to be sold at foreclosure. Plaintiffs claim the Bank, nevertheless, proceeded with the foreclosure sale thereby forcing them to file this lawsuit seeking to have the foreclosure set aside. The Trial Court denied Plaintiffs' request for a temporary restraining order and refused to interfere with the foreclosure proceedings, noting that no valid appeal had been taken in the detainer action. Plaintiffs appeal. We dismiss this appeal because there is no final appealable judgment as required by Tenn. R. App. P. 3(a).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and SHARON G. LEE, JJ., joined.

John S. Anderson, Rogersville, Tennessee, for the Appellants William and Shirley Tassell.

Jason S. Mangrum and Scott G. Lauck, Nashville, Tennessee, for the Appellee U.S. Bank, Inc.

## MEMORANDUM OPINION[1]

On April 30, 2004, Plaintiffs filed a petition seeking to set aside a foreclosure sale of their home. According to the Petition, Plaintiffs had a mortgage on their home which was financed through the Bank. Plaintiffs admittedly were behind in their payments, but claim they made a payment of $1,104.609 in April of 2003 which brought their payments current. Plaintiffs claim that when they made this payment, the teller at the Bank informed them that there was an alert on their account, but the teller nevertheless accepted the payment. Plaintiffs' house was scheduled to be sold at foreclosure the day after Plaintiffs made the above payment. Plaintiffs claimed that because the Bank accepted their payment which brought their account current, and in reliance on this fact, they did not attend the foreclosure. The foreclosure proceeded and three days later, the $1,104.69 payment was returned to Plaintiffs who also were informed that their house "had been foreclosed upon." In their petition Plaintiffs sought, among other things, an injunction to prevent the Bank from taking physical possession of their house as well as damages because the Bank allegedly acted in bad faith.

On April 30, 2004, the Trial Court entered an *ex parte* temporary restraining order prohibiting the Bank from taking any action to have Plaintiffs removed from the house. A hearing on the temporary restraining order was scheduled and two days later the Trial Court entered an Order which states:

> By agreement of counsel for [Plaintiffs] on May 3, 2004, the Restraining Order previously issued in this cause, dated April 22, 2004 is withdrawn, and held for naught. An amended petition, addressing Plaintiffs' issues shall be filed by [Plaintiffs'] counsel and shall be placed on the Court's docket for May 17, 2004.

Plaintiffs then filed an amended petition on May 17, 2004, apparently making essentially the same factual allegations as contained in the original petition. We say "apparently" because the amended petition contained in the record before us appears to be missing one or more pages. Plaintiffs once again requested that the Trial Court enjoin the Bank from taking physical possession of the house. A hearing was conducted the same day that the amended petition was filed, after which the Trial Court entered its Order on May 18th denying Plaintiffs' request for a temporary restraining order.[2] The Trial Court also held in this Order that the Bank was free to proceed with "its Writ of Possession properly obtained via Detainer Warrant in Hawkins County General Sessions

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] The correct term under Rule 65.01 of the Tennessee Rules of Civil Procedure is "temporary injunction."

Court, no valid appeal having been filed within 30 days after entry of the final dismissal of the said Detainer proceeding, April 14, 2004."

On May 21, 2004, Plaintiffs filed a Notice of Appeal and have appealed the Order entered on May 18, 2004. Plaintiffs raise two issues, which we quote:

> A      Whether the trial court erred in dismissing Appellants (sic) appeal of the Hawkins County Sessions County (sic) Judgment on the Detainer Warrant.
>
> B.      Whether the [Bank] is collaterally estoped (sic) on pursuing possession of the real property with a law suit (sic) pending to set aside foreclosure.

The following supplemental but pertinent information is contained in Plaintiffs' Statement of Facts contained in their brief on appeal: 1) "[The Bank] filed a Detainer Warrant concerning this property in the General Sessions Court for Hawkins County, Tennessee"; 2) "The General Sessions Court gave possession to the [Bank] and [Plaintiffs] appealed that decision to Circuit Court."; 3) "The Circuit Court dismissed the Appeal for failure to put sufficient bond."; and 4) "The lawsuit to set aside foreclosure is still pending."

Plaintiffs state in their brief that the transcript will be referred to as "Volume 1" and the technical record as "Volume 2". Notwithstanding the foregoing, Plaintiffs made not one single citation to the record *anywhere* in their brief as required by Tenn. R. App. P. 27 (a)(6) and (7). There is no transcript contained in the record. We have summarized everything contained in the technical record up to the point where the Trial Court entered its Order on May 18, 2004, from which Plaintiffs appeal. We further note Rule 6(b) of the Rules of the Court of Appeals which states:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

The record does not contain the detainer warrant filed by the Bank in the Hawkins County General Sessions Court. The record likewise does not contain the order entered by the Circuit Court on appeal from the Sessions Court wherein the Circuit Court apparently dismissed the appeal because there was no proper bond. The *only* pleadings in the record are from Plaintiffs' suit to set aside the foreclosure, which Plaintiffs clearly state in their brief is "still pending." We agree this suit is "still pending" below, at least the best we can tell from what we have been furnished. In fact, the Bank filed its Answer to Amended Petition to Set Aside Foreclosure five days after the entry

-3-

of the order appealed from. Therefore, there is no appealable final judgment as required by Tenn. R. App. P. 3(a), which provides in pertinent part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

We dismiss this appeal because there is no final judgment below, and we remand to the Trial Court for disposition of the entire claim and for collection of costs below. The costs on appeal are assessed against the Appellants, William and Shirley Tassell, and their surety.

_____
D. MICHAEL SWINEY, JUDGE